[Cite as *State v. Moore*, 2013-Ohio-2185.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2012-0047 |
| KENNETH L. MOORE | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Muskingum
                              County Court of Common Pleas, Case No.
                              CR2012-0177

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       May 28, 2013

APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant

ROBERT SMITH                          DAVID A. SAMS
Assistant Prosecuting Attorney        Box 40
27 North Fifth Street                 West Jefferson, OH  43162
Zanesville, OH 43701

*Gwin, P.J.*

{¶1} Defendant-appellant Kenneth Moore ["Moore"] appeals from his convictions and sentences for three counts of Illegal Use of a Minor in Nudity Oriented Material or Performance.

### Facts and Procedural History

{¶2} On August 15, 2012, Moore appeared before the Muskingum County Court of Common Pleas with court-appointed counsel and entered a plea of "guilty" to a Bill of Information, which charged him with three counts of Illegal use of a Minor in Nudity Oriented Material or Performance, in violation of R.C. Section 2907.323(A)(3), felonies of the fifth degree. Pursuant to a written plea agreement, the state agreed to recommend that Moore receive an aggregate prison term of one year.

{¶3} On September 10, 2012, Moore returned to court for sentencing. At that time, the Court found Moore to be a Tier I offender and advised Moore of his reporting responsibilities. The Court then ordered that Moore serve a prison term of one year on each of the three counts to be served concurrently. The Court then informed the Moore that he was subject to a mandatory period of post release control for five (5) years upon his release from prison.

### Assignments of Error

{¶4} Moore raises three Assignments of Error,

{¶5} "I. THE BILL OF INFORMATION WAS STRUCTURALLY INSUFFICIENT CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS AS IT FAILED TO ALLEGE THE ELEMENT OF RECKLESSNESS, THAT THE OFFENSE IN QUESTION WAS A SEXUALLY ORIENTED OFFENSE UNDER CHAPTER 2950 OF

THE REVISED CODE AND THAT THE MATERIAL IN QUESTION WAS EITHER A LEWD EXHIBITION OR THAT IT GRAPHICALLY FOCUSED ON THE GENITALS AND WAS NOT POSSESSED OR VIEWED FOR EITHER A BONA FIDE PURPOSE OR WITH WRITTEN PARENTAL CONSENT AS REQUIRED BY R.C. 2907.323(A)(3)(a-b).

**{¶6}** "II. THE DEFENDANT-APPELLANT'S CONVICTION AND SENTENCE FOR THE ILLEGAL USE A MINOR IN NUDITY-ORIENTED MATERIAL UNDER R.C. 2907.323(A)(3) AND HIS RESULTING CLASSIFICATION AS A TIER I SEX OFFENDER ARE VOID AS THE BILL OF INFORMATION FAILED TO ALLEGE THE ESSENTIAL ELEMENTS THAT THE MATERIAL IN QUESTION WAS EITHER A LEWD EXHIBITION OR THAT IT GRAPHICALLY FOCUSED ON THE GENITALS AND THAT IT WAS EITHER NOT POSSESSED FOR A BONA FIDE PURPOSE OR WITH WRITTEN PARENTAL CONSENT CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS.

**{¶7}** "III. THE PLEA WAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY CONTRARY TO THE STATE AND FEDERAL CONSTITUTIONS."

I.

**{¶8}** Moore argues in his first assignment of error that his bill of information was void. Subsumed within this generalized objection are two challenges 1). the bill of information did not specify the requisite *mens rea* element of recklessness required for a conviction of Illegal use of a Minor in Nudity Oriented Material or Performance, in violation of R.C. Section 2907.323(A)(3); and 2). The bill of information failed to give notice that the offenses in question were sexually oriented offenses.

*1. Failure to include mens res.*

**{¶9}** Recklessness is the culpable mental state required to constitute a violation of R.C. 2907.323(A)(3). *State v. Young*, 37 Ohio St.3d 249, 525 N.E.2d 1363(1988), *reversed on other grounds by Osborne v. Ohio*, 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98(1990); *Accord, State v. Tooley*, 114 Ohio St.3d 366, 2007-Ohio-3698, 872 N.E.2d 894, ¶37.

**{¶10}** In *State v. Horner,* the Ohio Supreme Court held in the syllabi,

(1) an indictment that charges an offense by tracking the language of the criminal statute is not defective for failure to identify a culpable mental state when the statute itself fails to specify a mental state, *overruling State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E. 2d 917, and *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169;

(2) by failing to timely object to a defect in an indictment, a defendant waives all but plain error on appeal, overruling *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E. 2d 917[.]

126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, paragraph one and two of the syllabus.

**{¶11}** In the case at bar, the trial court accepted Moore's plea. There was no jury impaneled and therefore, no argument was made alleging this to be a strict liability offense nor was a jury improperly instructed. Competent counsel represented Moore and Moore, with the assistance of counsel, entered into a negotiated plea. Moore was sentenced pursuant to that negotiated plea. Moore did not object and therefore failed to

preserve his claim that the indictment against him was constitutionally defective. *See*, *State v. Ellis,* Fifth Dist. No. 2007-CA-46, 2008-Ohio-7002, ¶26. Therefore, this Court may analyze the error in this case pursuant to the Crim.R. 52(B) plain error analysis. As the United States Supreme Court observed in *Puckett v. United States*, 526 U.S. 129, 129 S.Ct. 1423, 173 L.Ed.2d 266, (2009),

> If an error is not properly preserved, appellate-court authority to remedy the error (by reversing the judgment, for example, or ordering a new trial) is strictly circumscribed. There is good reason for this; "anyone familiar with the work of courts understands that errors are a constant in the trial process, that most do not much matter, and that a reflexive inclination by appellate courts to reverse because of unpreserved error would be fatal."

556 U.S. at 134. (Citation omitted).

> [A]n appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

*United States v. Marcus,* 560 U.S. 258, 130 S.Ct. 2159, 2164,176 L.Ed.2d 1012 (Internal quotation marks and citations omitted). The Ohio Supreme Court pertinently addressed when structural error analysis should be used in *State v. Perry,*

We emphasize that both this court and the United States Supreme Court have cautioned against applying a structural-error analysis where, as here, the case would be otherwise governed by Crim.R. 52(B) because the defendant did not raise the error in the trial court. See *Hill*, 92 Ohio St.3d at 199, 749 N.E.2d 274; *Johnson*, 520 U.S. at 466, 117 S.Ct. 1544, 137 L.Ed.2d 718. This caution is born of sound policy. For to hold that an error is structural even when the defendant does not bring the error to the attention of the trial court would be to encourage defendants to remain silent at trial only later to raise the error on appeal where the conviction would be automatically reversed. We believe that our holdings should foster rather than thwart judicial economy by providing incentives (and not disincentives) for the defendant to raise all errors in the trial court-where, in many cases, such errors can be easily corrected.

101 Ohio St.3d 118, 802 N.E.2d 643, 2004-Ohio-297, ¶23. Thus, the defendant bears the burden of demonstrating that a plain error affected his substantial rights and, in addition that the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508(1993); *State v. Perry,* 101 Ohio St.3d at 120, 802 N.E.2d 643. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240(2002); *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804(1978), paragraph three of the syllabus*; Perry,* supra, at 118, 802 N.E.2d at 646.

**{¶12}** Under the circumstances of the case at bar, there is nothing in the record to show that Moore was prejudiced. Moore received the aggregate sentence he had agreed upon in exchange for his pleas of guilty. We find any error in the bill of information's failure to specify the requisite *mens rea* element of recklessness was harmless beyond a reasonable doubt.

2. *Notice that the offenses in question were a sexually oriented offense.*

**{¶13}** Moore next asserts that the bill of Information is defective because it did not apprise him that he was charged with sexually oriented offenses, and therefore, he was not placed on notice that he would become subject to the classification and reporting requirements of Chapter 2950.

**{¶14}** In the case at bar, the record clearly establishes that the trial court advised Moore before accepting his plea that "you will be deemed a Tier I registrant for sex abuse—Tier I sex abuse registrant." (T. Plea, Aug. 15, 2012 at 6). Moore acknowledged that he would be deemed a Tier I registrant. (Id.) The trial court informed Moore that he would be required to register each year for 15 years. Moore acknowledged that he understood. (Id.) The trial judge further advised Moore of the potential consequences should he fail to meet the rules and regulations of a Tier I sexual offender. (Id. at 7). Moore acknowledged that he understood. (Id.)

**{¶15}** Prior to sentencing, the trial judge informed Moore as follows,

THE COURT: Do you understand, Mr. Moore, with your plea of guilty and finding of guilty, by sentencing you on these specific charges that you - - that I am finding you to be a Tier I sex offender?

[MOORE]: Yes sir, I do.

THE COURT: And as such, you are required, for a period of 15 years, to annually verify your location and your whereabouts with the Sherriff's department?

[MOORE]: Yes sir, Mr. Rankin explained.

THE COURT: And that's for a period of 15 years?

[MOORE]: Yes sir, I understand.

THE COURT: And you understand that if you fail to meet the rules and requirements set forth in this form and being a Tier I registrant, if you fail you meet those requirements, that alone can lead to additional felony charges and an additional or potential prison sentence?

[MOORE]: Yes sir. That's fine.

THE COURT: Do you have any questions about that?

[MOORE]: No sir, I don't.

T. Sent. Sept. 10, 2012 at 4-5. Moore did not indicate his disapproval or confusion to the trial court upon being informed by the trial court that he would be found to be a Tier I registrant with the attendant duties and responsibilities.

{¶16} In the case at bar, if Moore did not understand that he faced a registration and reporting requirement before the plea, he certainly knew it immediately afterward and could have objected to the plea at that time if he had been surprised by it or prior to sentencing which occurred at a later date.

{¶17} Given the record, we further find that Moore has failed to demonstrate that he was prejudiced by any failure to include within the bill of information that offenses in question were sexually oriented offenses. Based upon the record of the case before us,

we find any error in the failure to include within the bill of information that the offenses in question were sexually oriented offenses was harmless beyond a reasonable doubt.

**{¶18}** Moore's first assignment of error is overruled.

II.

**{¶19}** In his second assignment of error, Moore argues that the bill of information was defective because the bill of information failed to allege that the material in question was either a lewd exhibition or that it graphically focused on the genitals as required by 2907.323.

**{¶20}** Crim.R. 7(B) provides that the indictment shall contain a statement that may be in the words of the applicable section of the statute, provided the words of the statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.

**{¶21}** R.C. 2907.323(A)(3) provides that no person shall "possess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity." The statute has been construed "as reaching only nudity that either constitutes a lewd exhibition or involves a graphic focus on the genitals." *State v. Young*, 37 Ohio St.3d 249, 525 N.E.2d 1363(1988), *reversed on other grounds by Osborne v. Ohio*, 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98(1990). While *Osborne* may limit the proof of "a state of nudity" to lewdness or graphic focus on the genitals, in order to meet a constitutional objective, it does not alter the elements of R.C. 2907.323(A)(1). "[S]tate of nudity" is not a separate element but merely defines that element in R.C. 2907.323(A)(1) and (A)(3). The indictment as worded properly sets forth offenses under Ohio law and satisfied Crim.R. 7(B). *State v. Sullivan*, 2d Dist. No.

23948, 2011-Ohio-2976, ¶27; *Accord, State v. Videen*, 2nd Dist. No. 25183, 2013-Ohio-1364, ¶47; *State v. O'Connor*, 12th Dist. No. CA2001-08-195, 2002-Ohio-4122, ¶31; *State v. Dolman*, 6th Dist. No. WM-10-007, 2010-Ohio-5505, ¶34; *Contra, State v. Moss*, 1st Dist. C-990631, 2000 WL 376434(Apr. 14, 2000)(finding that while the indictment mirrored the language of R.C. 2907.323(A)(3), the indictment failed to allege that the material forming the basis of the charge was lewd or graphically focused on the genitals. The court found such an allegation to be a "judicially engrafted" element of the crime in light of *State v. Young*. Therefore, the court concluded that the facts alleged in the indictment were insufficient to state a punishable offense). The *O'Connor* court found, however, that *Moss*'s interpretation of *Young* was invalid because "it is only the legislature, not the judiciary," that "has the power to engraft or enact additional elements" of an offense. *O'Conner*, 2002-Ohio-4122, ¶30. *See, also*, *Moss,* Hildebrandt, P.J., dissenting; *Dolman,* 2010-Ohio-5505, ¶34.

**{¶22}** In the case at bar, Moore plead guilty. "[A] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, syllabus. In the case at bar, the bill of information charged each offense in the words of the statute. The purpose of a bill of information is to give the accused adequate notice of the crime charged. *State v. Buehner*, 110 Ohio St.3d 403, 853 N.E.2d 1162, 2006–Ohio–4707, ¶7. An indictment or bill of information is sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charge, and enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. Id. at ¶ 9. As applied to the present case, the bill of

information cites to R.C. 2907.323(A)(3) and tracks the statutory language of the charged offenses. This is sufficient. An admission to the facts of a bill of information that alleges the depiction of a "state of nudity" includes by definition an admission to lewdness or graphic focus on the genitals.

**{¶23}** Moore's second assignment of error is overruled.

III.

**{¶24}** In his third assignment of error, Moore asserts that he did not voluntarily and knowingly waive his right to a jury trial because he was not apprised that a jury decision of guilty would have to be unanimous and that he would be able to help his attorney select a jury, including removing jurors both for cause and without cause.

**{¶25}** Initially, there is no explicit requirement in Crim.R. 11(C)(2)(a) that a defendant be informed of his right to a unanimous verdict. *State v. Simpson,* 10th App. No. 07AP-929, 2008-Ohio-2460, ¶11. Further, several courts, including the Ohio Supreme Court, have held there is no requirement that a trial court inform a defendant of his right to a unanimous verdict. See, e.g., *State v. Ketterer,* 111 Ohio St.3d 70, 855 N.E.2d 48, 2006-Ohio-5283, ¶68 (the trial court was not required to specifically advise defendant on the need for juror unanimity); *State v. Fitzpatrick,* 102 Ohio St.3d 321, 810 N.E.2d 927, 2004-Ohio-3167, 44-46 (accused need not be told that jury unanimity is necessary to convict and to impose sentence); *State v. Barnett,* 1st Dist. No. C-060950, 2007- Ohio-4599, ¶ 6; *State v. Smith*, 5th Dist. No. CT2007-0073, 2008-Ohio-3306, ¶27.

**{¶26}** It is also well established that a defendant need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive

it. *State v. Bays*, 87 Ohio St.3d 15, 20, 716 N.E.2d 1126(1999). In *State v. Jells*, the Ohio Supreme Court held:

> There is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel.

53 Ohio St.3d 22, 25-26, 559 N.E.2d 464(1990).

**{¶27}** Here, Moore indicated he was fully apprised of his rights, and he executed a written plea of guilty. Nothing in the record rebuts the presumption that this written guilty plea was knowingly, intelligently, and voluntarily made.

**{¶28}** For all the above reasons, we find the trial court did not err when it failed to inform Moore of his right to a unanimous jury verdict, and, based upon the totality of the circumstances, we conclude Moore entered his plea voluntarily. The trial court clearly complied with the mandates of Crim. R. 11(C).

**{¶29}** Moore's third assignment of error is overruled.

**{¶30}** For the reasons stated in the foregoing opinion, the judgment of the Court

of Common Pleas, Muskingum County, Ohio is affirmed.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

WSG:clw 0513

[Cite as *State v. Moore*, 2013-Ohio-2185.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
                  Plaintiff-Appellee          :
                                       :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
KENNETH L. MOORE                       :
                                       :
                                       :
            Defendant-Appellant        :          CASE NO. CT2012-0047


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio is affirmed. Costs to appellant.


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE