[Cite as *State v. Kirby*, 2013-Ohio-5518.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2013-0035 |
| LEVI G. KIRBY | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Muskingum
County Court of Common Pleas, Case No.
CR2013-0100

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      December 16, 2013

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ROBERT SMITH                             DAVID A. SAMS
27 North Fifth Street                    Box 40
Box 189                                  West Jefferson, OH 43162
Zanesville, OH 43702

*Gwin, P.J.*

{¶1} Defendant-appellant Levi G. Kirby ["Kirby"] appeals from his convictions and sentences after a negotiated guilty plea to one count of Having Unlawful Sexual Relations with a Minor, a felony of the fourth degree in violation of R.C. 2907.04.

*Facts and Procedural History*

{¶2} On May 1, 2013, Kirby appeared before the Muskingum County Court of Common Pleas with court-appointed counsel and entered a plea of "guilty" to a Bill of Information, which charged him with one (1) count of Unlawful Sexual Conduct with a Minor, in violation of R.C. 2907.04(A), a felony of the fourth degree. Pursuant to a written plea agreement, the state and Kirby agreed that the state would make no recommendation in regards to sentencing.

{¶3} On June 10, 2013, Kirby returned to court for sentencing. At that time, the Court found Kirby to be a Tier II offender and advised him of his reporting responsibilities. The Court then ordered Kirby serve a prison term of one year. The Court then informed the Kirby that he was subject to a mandatory period of post release control for five (5) years upon his release from prison.

*Assignments of Error*

{¶4} Kirby raises three assignments of error,

{¶5} "I. THE BILL OF INFORMATION WAS STRUCTURALLY INSUFFICIENT UNDER OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS AS IT FAILED TO CONTAIN A NECESSARY ALLEGATION THAT THE OFFENSE IN QUESTION WAS A SEXUALLY ORIENTED OFFENSE FOR PURPOSES OF OHIO REVISED CODE CHAPTER 2950.

**{¶6}** "II. THE DEFENDANT-APPELLANT'S CONVICTION AND SENTENCE FOR HAVING UNLAWFUL SEXUAL RELATIONS WITH A MINOR AND HIS RESULTING CLASSIFICATION AS A TIER II SEX OFFENDER ARE VOID AS THE INFORMATION FAILED TO ALLEGE THAT APPELLANT WAS FOUR OR MORE YEARS OLDER THAN THE MINOR VICTIM AS REQUIRED BY OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS.

**{¶7}** "III. THE DEFENDANT-APPELLANT'S PLEA WAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS."

I, & II

**{¶8}** Kirby's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

**{¶9}** Kirby argues in his first two assignments of error that his bill of information was void. Subsumed within this generalized objection are two challenges 1). The bill of information failed to give notice that the offense in question was a sexually oriented offenses and 2). The bill of information did not specify Kirby was four or more years older than the minor victim.

*1. Notice that the offense in question was a sexually oriented offense.*

**{¶10}** In *State v. Horner,* the Ohio Supreme Court held in the syllabi,

(1) an indictment that charges an offense by tracking the language of the criminal statute is not defective for failure to identify a culpable mental state when the statute itself fails to specify a mental state, overruling *State v. Colon*, 118 Ohio St.3d 26, 2008–Ohio–1624, 885

N.E.2d 917, and *State v. Colon*, 119 Ohio St.3d 204, 2008–Ohio–3749, 893 N.E.2d 169;

(2) by failing to timely object to a defect in an indictment, a defendant waives all but plain error on appeal, overruling *State v. Colon*, 118 Ohio St.3d 26, 2008–Ohio–1624, 885 N.E.2d 917[.]

126 Ohio St.3d 466, 2010–Ohio–3830, 935 N.E.2d 26, paragraph one and two of the syllabus.

**{¶11}** Kirby did not object to the Bill of Information and therefore failed to preserve his claim that the Bill of Information against him was constitutionally defective. *See, State v. Ellis,* Fifth Dist. No. 2007–CA–46, 2008–Ohio–7002, ¶26. Therefore, this Court may analyze the error in this case pursuant to the Crim.R. 52(B) plain error analysis.

**{¶12}** Crim.R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. In order to find plain error under Crim.R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. Id. at paragraph two of the syllabus. Thus, the defendant bears the burden of demonstrating that a plain error affected his substantial rights and, in addition that the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *State v. Perry*, 101 Ohio

St.3d 118, 2004-Ohio-297, 802 N.E.2d 643. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus; *Perry,* supra, at 118, 802 N.E.2d at 646. Furthermore, a defendant cannot take advantage of an error that he invited through the plea negotiations. *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, 934 N.E.2d 920, ¶7.

**{¶13}** In the case at bar, Kirby's trial counsel informed the court prior to the acceptance of Kirby's plea,

> Mr. Kirby is prepared to proceed, Your Honor. I addressed any questions and issues that he had by answering all of his questions. We have reviewed and discussed the facts of the case. He's decided that it's in his best interest to proceed with this bill of information. We have reviewed the plea form together. I went over that with him. I asked him if he's had any questions. I answered any of those questions that he had. *I'm satisfied that he understands the possible penalties and the ramifications for the sex offense and having to register.*

T. May 1, 2013 at 4(Emphasis added). The plea agreement signed by Kirby contains the following,

> Registration: <u>In person verification</u>. If you have entered a plea of guilty to a sexually oriented offense, as defined in Chapter 2950.01 of the Ohio Revised Code, you have been classified as one of the following: a Tier I, a Tier II, or a Tier III offender. Inasmuch as you have been

classified as a sex offender, you have a duty to register with law enforcement as follows:

<u>TIER II: registration every 180 days for a period of twenty-five (25) years.</u>

If you are in custody at the time of your conviction, a law enforcement officer will escort you to the Sheriffs Department for initial registration.

If you are not in custody at the time of conviction, you must register with the Muskingum County Sheriff's Department within three (03) days of entering your plea of guilty.

You are hereby notified that your failure to comply with the terms and conditions of Registration, could result in new felony charges.

I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice and competence. I am not under the influence of drugs or alcohol. No threats have been made to me. No promises have been made except as part of this plea agreement stated entirely as follows:

<u>The Defendant hereby acknowledges that through plea negotiations by and between the parties, he agrees to accept the Prosecutor's recommendation for sentencing, which is stated as follows:</u>

**In exchange for the Defendant's plea to the counts herein, the State agrees to make no recommendation and leave sentencing to the discretion of this Court.**

        I further understand that the Prosecutor's recommendation does not have to be followed by the Court.

* * *

Waiver and Plea of Guilty to Prosecutors Bill of Information, filed May 1, 2013 at 2-3(emphasis sic.).

**{¶14}** On June 10, 2013, prior to the announcement of sentence the following exchange occurred,

        [Prosecutor]: *I would also note that it was agreed at the plea that this is a Tier II registration offense.* Also, pursuant to the State's calculations, the defendant should be given credit for 41 days of incarceration.

* * *

        [Defense counsel]: The statements made by the prosecutor are correct. We are here for sentencing. I assume the Court wants to address the defendant with respect to registration. I would like to make a brief argument after that*, but we did review the registration requirements in detail. I had allowed him to review it on his own and also reviewed it with him and asked him if he had any questions. I believe he understands it. He has signed and executed that registration form,* Your Honor. Thank you.

T. June 10, 2013 at 3-4(Emphasis added). The trial court then informed Kirby as follows,

Thank you. Mr. Kirby, I have the form entitled explanation of duties to register as a sex offender or child victim offender, and it purportedly has your signature on it. Is that your signature?

THE DEFENDANT: Yes, sir.

THE COURT: Did you and your attorney go over this form?

THE DEFENDANT: Yes, sir.

THE COURT: This form indicates that you will be classified as a Tier II sex offender which requires that you report to the sheriff's office in the county in which you reside every 180 days for a period of 25 years. Is that your understanding?

THE DEFENDANT: Yes, sir.

THE COURT: You also have other rules and regulations required of you in regards to being a sex offender. You also understand that, should you fail to follow those rules and regulations, additional or new felonies could be filed against you?

THE DEFENDANT: Yes, sir.

THE COURT: The Court is satisfied that you have reviewed this form. I'll execute the same, and a copy of it will be provided to you later today. Mr. Whitacre, you may address the sentencing.

* * *

T. June 10, 2013 at 4-5.

**{¶15}** Kirby did not indicate his disapproval or confusion to the trial court upon being informed by the trial court that he would be found to be a Tier II registrant with the attendant duties and responsibilities.

**{¶16}** In the case at bar, if Kirby did not understand that he faced a registration and reporting requirement before the plea, he certainly knew it immediately afterward and could have objected to the plea at that time if he had been surprised by it or prior to sentencing which occurred at a later date.

**{¶17}** Given the record, we further find that Kirby has failed to demonstrate that he was prejudiced by any failure to include within the bill of information that offense in question were sexually oriented offense. Based upon the record of the case before us, we find any error in the failure to include within the bill of information that the offense in question was a sexually oriented offense was harmless beyond a reasonable doubt. *State v. Moore*, 5th Dist. Muskingum No. CT2012-0047, 2013-Ohio-2185, ¶17.

*2. The bill of information did not specify Kirby was four or more years older than the minor,*

**{¶18}** Crim.R. 7(B) provides that the indictment shall contain a statement that may be in the words of the applicable section of the statute, provided the words of the statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.

**{¶19}** In the case at bar, Kirby plead guilty. "[A] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51–Ohio–4415, 814 N.E.2d 51, syllabus. In the case at bar, the bill of

information charged the offense in the words of the statute. The purpose of a bill of information is to give the accused adequate notice of the crime charged. *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162–Ohio–4707, ¶ 7. An indictment or bill of information is sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charge, and enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Id.* at ¶ 9.

{¶20} The Supreme Court of Ohio has interpreted R.C. 2945.75 to provide the requirements for what must be included in a jury verdict form. *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, ¶ 14. The *Pelfrey* Court held that "pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." Id. See also, *State v. Nethers*, 5th Dist. No. 07 CA 78, 2008-Ohio-2679, ¶ 51.

{¶21} As applied to the present case, the bill of information cites to R.C. 2907.04(A) and tracks the statutory language of the charge. The plea agreement clearly states that the offense is a felony of the fourth degree.

{¶22} Further, in the case at bar, the trial court accepted Kirby's plea. There was no jury impaneled and therefore, no argument was made alleging this to be a strict liability offense nor was a jury improperly instructed. Competent counsel represented Kirby and Kirby, with the assistance of counsel, entered into a negotiated plea. Kirby was informed that his plea was to a "felony of the fourth degree" before entering his plea. T. May 1, 2013 at 3; 5; 10. Kirby did not indicate his disapproval or confusion to

the trial court upon being informed by the trial court that the offense was a felony of the fourth degree.

**{¶23}** Because the plea agreement and the colloquy with the court clearly informed Kirby that the charge was a felony of the fourth degree, Kirby cannot demonstrate prejudice.

**{¶24}** Kirby's first and second assignments of error are overruled.

III.

**{¶25}** In his third assignment of error, Kirby contends that his guilty plea is void because he was not apprised of his right to a unanimous jury,

**{¶26}** Initially, there is no explicit requirement in Crim.R. 11(C)(2)(a) that a defendant be informed of his right to a unanimous verdict. *State v. Simpson,* 10th Dist. No. 07AP–929, 2008–Ohio–2460, ¶11. Further, several courts, including the Ohio Supreme Court, have held there is no requirement that a trial court inform a defendant of his right to a unanimous verdict. See, e.g., *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48–Ohio–5283, ¶68 (the trial court was not required to specifically advise defendant on the need for juror unanimity); *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927–Ohio–3167, 44–46 (accused need not be told that jury unanimity is necessary to convict and to impose sentence); *State v. Barnett,* 1st Dist. No. C–060950, 2007–Ohio–4599, ¶6; *State v. Smith,* 5th Dist. No. CT2007–0073, 2008–Ohio–3306, ¶ 27.

**{¶27}** It is also well established that a defendant need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive it. *State v. Bays*, 87 Ohio St.3d 15, 20, 716 N.E.2d 1126 (1999). In *State v. Jells,* the

Ohio Supreme Court held:

> There is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel.

53 Ohio St.3d 22, 25–26, 559 N.E.2d 464(1990).

**{¶28}** Here, Kirby indicated he was fully apprised of his rights, and he executed a written plea of guilty. Nothing in the record rebuts the presumption that this written guilty plea was knowingly, intelligently, and voluntarily made.

**{¶29}** For all the above reasons, we find the trial court did not err when it failed to inform Kirby of his right to a unanimous jury verdict, and, based upon the totality of the circumstances, we conclude Kirby entered his plea knowingly, intelligently and voluntarily. The trial court clearly complied with the mandates of Crim.R. 11(C).

**{¶30}** Kirby's third assignment of error is overruled.

**{¶31}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio is affirmed.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. JOHN W. WISE

WSG:clw 1204

[Cite as *State v. Kirby*, 2013-Ohio-5518.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LEVI G. KIRBY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT2013-0035 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio is affirmed. Cost to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE