[Cite as *State v. Bickel*, 2014-Ohio-1718.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 13-CA-44 |
| ROBERT L. BICKEL | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Fairfield County
                            Court of Common Pleas, Case No. 2011-
                            CR-0529

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     April 21, 2014

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

GREGG MARX                        DAVID A. SAMS
Prosecuting Attorney              Box 40
BRITTANY J. KAROCKI               West Jefferson, OH 43162
Assistant Prosecuting Attorney
239 W. Main Street, Ste. 101      AARON CONRAD
Lancaster, OH  43130              144 E. Main Street
                                  Lancaster, OH 43130

*Gwin, P.J.*

{¶1} Defendant-appellant Robert L. Bickel ["Bickel"] appeals from his convictions and sentences after a negotiated guilty plea to one count of rape in violation of R.C. 2907.02(A)(1)(b), one count of gross sexual imposition with a minor in violation of R.C. 2905.05(A)(4), and one count of illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(1).

### Facts and Procedural History

{¶2} On April 30, 2013, pursuant to a negotiated plea agreement, Bickel entered a plea of "no contest" to one count of rape, one count of gross sexual imposition with a minor, and one count of illegal use of minor in nudity-oriented material or performance. Bickel stipulated to the existence of facts sufficient for a finding of guilt. Bickel was sentenced to eight years on rape, 36 months on gross sexual imposition with a minor, and seven years on illegal use of minor in nudity-oriented material or performance. The Court found that the sentence was a joint recommendation pursuant to R.C. 2953.08(D).

### Assignments of Error

{¶3} Bickel raises two assignments of error,

{¶4} "I. THE INDICTMENT WAS STRUCTURALLY INSUFFICIENT CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS AS IT FAILED TO ALLEGE THE ELEMENTS OF RECKLESSNESS, THAT THE OFFENSE IN QUESTION WAS A SEXUALLY ORIENTED OFFENSE UNDER CHAPTER 2950 OF THE REVISED CODE AND THAT THE MATERIAL IN QUESTION WAS EITHER A LEWD EXHIBITION OR THAT IT GRAPHICALLY FOCUSED ON THE GENITALS AND

WAS NOT POSSESSED OR VIEWED FOR EITHER A BONA FIDE PURPOSE OR WITH WRITTEN PARENTAL CONSENT AS REQUIRED BY R.C. 2907.323(A)(3)(a-b).

{¶5} "II. THE DEFENDANT-APPELLANT'S CONVICTION AND SENTENCE FOR THE ILLEGAL USE OF A MINOR IN NUDITY-ORIENTED MATERIAL UNDER R.C. 2907.323(A)(3) AND HIS RESULTING CLASSIFICATION THEREUNDER AS A TIER I SEX OFFENDER ARE VOID AS THE INDICTMENT FAILED TO ALLEGE THE ELEMENTS OF RECKLESSNESS, THAT THE OFFENSE INVOKED R.C. CHAPTER 2950, THAT THE MATERIAL IN QUESTION WAS EITHER A LEWD EXHIBITION OR THAT IT GRAPHIC-ALLY FOCUSED ON THE GENITALS AND THAT IT WAS EITHER NOT POSSESSED FOR A BONA FIDE PURPOSE OR WITH WRITTEN PARENTAL CONSENT CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS."

### *Analysis*

{¶6} Bickel's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶7} Bickel argues in his first and second assignments of error that his indictment was void. Subsumed within this objection are three challenges 1). The indictment did not specify the requisite mens rea element of recklessness required for a conviction; 2). The indictment failed to give notice that the offenses in question were sexually oriented offenses; and 3). The indictment failed to allege that the material in question was either a lewd exhibition or that it graphically focused on the genitals.

#### *1. Failure to include mens res.*

{¶8}    Recklessness is the culpable mental state required to constitute a violation of illegal use of a minor in nudity oriented materials or performances in violation of R.C. 2907.323(A)(1). *State v. Young*, 37 Ohio St.3d 249, 525 N.E.2d 1363(1988), *reversed on other grounds by Osborne v. Ohio*, 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed .2d 98(1990); *Accord, State v. Tooley,* 114 Ohio St.3d 366, 2007–Ohio–3698, 872 N.E.2d 894, ¶ 37.

{¶9}    In *State v. Horner*, the Ohio Supreme Court held in the syllabi,

(1) an indictment that charges an offense by tracking the language of the criminal statute is not defective for failure to identify a culpable mental state when the statute itself fails to specify a mental state, overruling State v. Colon, 118 Ohio St.3d 26, 2008–Ohio–1624, 885 N.E.2d 917, and State v. Colon, 119 Ohio St.3d 204, 2008–Ohio–3749, 893 N.E.2d 169;

(2) by failing to timely object to a defect in an indictment, a defendant waives all but plain error on appeal, *overruling State v. Colon*, 118 Ohio St.3d 26, 2008–Ohio–1624, 885 N.E.2d 917[.]

126 Ohio St.3d 466, 2010–Ohio–3830, 935 N.E.2d 26, paragraph one and two of the syllabus.

{¶10}  In the case at bar, the trial court accepted Bickel's pleas. There was no jury impaneled and therefore, no argument was made alleging this to be a strict liability offense nor was a jury improperly instructed. Competent counsel represented Bickel and Bickel, with the assistance of counsel, entered into a negotiated plea. Bickel was sentenced pursuant to that negotiated plea. Bickel did not object and therefore failed to

preserve his claim that the indictment against him was constitutionally defective. *See,*

*State v. Ellis*, Fifth Dist. No. 2007–CA–46, 2008–Ohio–7002, ¶ 26. Therefore, this Court

may analyze the error in this case pursuant to the Crim.R. 52(B) plain error analysis. As

the United States Supreme Court observed in *Puckett v. United States*, 526 U.S. 129,

129 S.Ct. 1423, 173 L.Ed.2d 266, (2009),

**{¶11}** If an error is not properly preserved, appellate-court authority to

remedy the error (by reversing the judgment, for example, or ordering a new trial)

is strictly circumscribed. There is good reason for this; "anyone familiar with the

work of courts understands that errors are a constant in the trial process, that

most do not much matter, and that a reflexive inclination by appellate courts to

reverse because of unpreserved error would be fatal."

556 U.S. at 134. (Citation omitted).

[A]n appellate court may, in its discretion, correct an error not

raised at trial only where the appellant demonstrates that (1) there is an

error; (2) the error is clear or obvious, rather than subject to reasonable

dispute; (3) the error affected the appellant's substantial rights, which in

the ordinary case means it affected the outcome of the district court

proceedings; and (4) the error seriously affect[s] the fairness, integrity or

public reputation of judicial proceedings.

*United States v. Marcus,* 560 U.S. 258, 130 S.Ct. 2159, 2164,176 L.Ed.2d 1012

(Internal quotation marks and citations omitted). The Ohio Supreme Court pertinently

addressed when structural error analysis should be used in *State v. Perry,*

We emphasize that both this court and the United States Supreme Court have cautioned against applying a structural-error analysis where, as here, the case would be otherwise governed by Crim.R. 52(B) because the defendant did not raise the error in the trial court. *See Hill*, 92 Ohio St.3d at 199, 749 N.E.2d 274; *Johnson*, 520 U.S. at 466, 117 S.Ct. 1544, 137 L.Ed.2d 718. This caution is born of sound policy. For to hold that an error is structural even when the defendant does not bring the error to the attention of the trial court would be to encourage defendants to remain silent at trial only later to raise the error on appeal where the conviction would be automatically reversed. We believe that our holdings should foster rather than thwart judicial economy by providing incentives (and not disincentives) for the defendant to raise all errors in the trial court-where, in many cases, such errors can be easily corrected.

101 Ohio St.3d 118, 802 N.E.2d 643, 2004–Ohio–297, ¶ 23. Thus, the defendant bears the burden of demonstrating that a plain error affected his substantial rights and, in addition that the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508(1993); *State v. Perry*, 101 Ohio St.3d at 120, 802 N.E.2d 643. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240(2002); *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804(1978), paragraph three of the syllabus; *Perry, supra*, at 118, 802 N.E.2d at 646.

**{¶12}** Under the circumstances of the case at bar, there is nothing in the record to show that Bickel was prejudiced. Bickel received the aggregate sentence he had agreed upon in exchange for his pleas of guilty. We find any error in the indictment's failure to specify the requisite *mens rea* element of recklessness was harmless beyond a reasonable doubt. *State v. Moore*, 5th Dist. Muskingum No. CT2012-0047, 2013-Ohio-2185, ¶12.

### 2. *Notice that the offenses in question were a sexually oriented offense.*

**{¶13}** Bickel next asserts that the indictment is defective because it did not apprise him that he was charged with sexually oriented offenses, and therefore, he was not placed on notice that he would become subject to the classification and reporting requirements of Chapter 2950.

**{¶14}** In the case at bar, the Plea Agreement signed by Bickel and his attorney and filed April 30, 2013, provided in relevant part,

> VIII. Pursuant to Chapter 2950 of the Ohio Revised Code, the Defendant, Robert L. Bickel, will be classified as a Tier III sex offender/child-victim offender, and is required to register every 90 days for life.

Plea Agreement, April 30, 2013 ¶VIII. The agreement further specifies that Bickel was previously convicted or plead guilty to a sexually oriented offense or child-victim oriented offense and had been classified as a sexual predator. Id. at ¶VIII (b)-(c). Prior to the entry of his pleas, the state noted in open court,

> Pursuant to Chapter 2950 of the Ohio Revised Code, the Defendant Robert L. Bickel, will be classified as a Tier III Sex

Offender/Child Victim offender, and is required to register every 90 days for life.

T. Change of Plea/Sentencing, April 30, 2013 at 7-8.

{¶15} Prior to accepting Bickel's plea, the trial court informed Bickel as follows,

[THE COURT:] Mr. Bickel, there are some questions that I'm required to ask you, some statements that I'm required to make to you. If you have any questions about anything that I ask you, please feel free to speak up. You can even interrupt me and say you don't understand. Or if you have questions and you want to speak to your attorney, just tell me you want to speak to your attorney. Don't tell me -- if you want to talk to your attorney, don't tell me what you want to talk to him about. That's private or confidential. But if you want to talk to your attorney, just speak up and tell me, "I want to speak to my attorney," and we will stop and take however much time you and Mr. Conrad need before deciding whether to proceed, and if so, how to proceed. Also, if you do not hear me -- anything that I say to you, again, please feel free to speak up and tell me you didn't hear or to repeat what I've stated.     Do you understand?

THE DEFENDANT: Yes, sir.

T. Change of Plea/Sentencing, April 30, 2013 at 11-12. Concerning the duty to register, the trial court explained,

THE COURT: Okay. Now there's certain things, certain obligations and restrictions that would be placed on you if you plead no contest and if I find you guilty of the rape and you're classified as a Tier III Sex Offender.

Some of those requirements are that once you are released from prison, you would be required to report to the sheriff of the county where you live, work, go to school. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: If those are different counties -- for instance, if you were to live in Fairfield County, but work in Perry County or go to school in Perry County or Hocking County, then you would have to report in both Fairfield County and Perry County. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You would need to report to the sheriff of those three counties within three days of being released from prison  so they know that you're out. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You would also have to do this reporting at a minimum of every 90 days. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: If you change locations of your residence -- in other words, you move, you change where you work, where you go to school, you would have to notify the sheriff of the counties where you're living, working, going to school or wherever you're going to do that, of those changes at or near the time of your change. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. And I believe it has to be done at least 20 days before the change, and no later than three days after the change. So if you move, you could notify the sheriff of the counties where you're at on where you're going to at least 20 days before you move, but not later than three days after you move.

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. There are some other -- again, I stated, you would have to report for the rest of your lifetime and at least every 90 days. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And if you're going to go some place and you're going to have some temporary lodging or place to stay, and you're going to be away for more than seven days, you have to notify the sheriff of that. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: There's a document here that I've prepared, Mr. Bickel, titled, "Explanation of Duties to Register as a Sex Offender or Child Victim Offender, Duties Commencing On or After January 1, 2008." And then it gives some Ohio Revised Code section numbers. This is an eight and a half by 14 multiple copy document. Did you have the opportunity to read this document before I came into the  courtroom today?

THE DEFENDANT: I have read it before at home.

THE COURT: Okay. And did you have the opportunity -- when you said at home, was that from your prior case?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Did you have the opportunity to go over this document today with your attorney, Mr. Conrad, before I came into the courtroom?

THE DEFENDANT: No, sir.

THE COURT: Okay. Why don't you take -Mr. Conrad, why don't you come and get the document, take a look at it with your client and see if that refreshes his recollection.

*(Pause in proceedings.)*

MR. CONRAD: Did you want to ask him a question, Your Honor? I think by showing him that document, he recalls going over that.

THE COURT: Yeah. Mr. Bickel, you and Mr. Conrad -- I don't know what you said, obviously. You and Mr. Conrad apparently were meeting back in the jury room with the door closed before this hearing started today; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And while you were in -- at least while you were in the jury room with Mr. Conrad, did you go over that document that I've just referred to?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And that document is in front of you right now?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And did you have -- when you went over it, did you have any questions for your attorney about the document?

THE DEFENDANT: No, sir.

THE COURT: Okay. Do you have any questions for me as the Judge and the person who prepared that document, about what any of the words on that document mean to you or to your case?

THE DEFENDANT: No, sir.

THE COURT: Are you confident you understand the document?

THE DEFENDANT: Yes, sir.

THE COURT: And did you sign the document?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And Mr. Conrad, did you have any questions or anything you wanted to discuss with Mr. Bickel about this document at this point?

THE DEFENDANT: No, Your Honor.

THE COURT: Okay. And Mr. Bickel, do you have any questions or anything you want to talk to your attorney about this document before we proceed?

THE DEFENDANT: No, sir.

THE COURT: Okay. And you're confident you understand it.

THE DEFENDANT: Yes, sir.

T. Change of Plea/Sentencing, April 30, 2013 at 32-37. At no time during this exchange did Bickel indicate his disapproval or confusion to the trial court upon being informed by the trial court that he would be found to be a Tier III registrant with the attendant duties and responsibilities.

{¶16} In the case at bar, if Bickel did not understand that he faced a registration and reporting requirement before the plea, he certainly knew it immediately afterward and could have objected to the plea at that time if he had been surprised by it or prior to sentencing. *State v. Moore*, 5th Dist. Muskingum No. CT2012-0047, 2013-Ohio-2185, ¶16.

{¶17} Given the record, we further find that Bickel has failed to demonstrate that he was prejudiced by any failure to include within the indictment that the offenses in question were sexually oriented offenses. Based upon the record of the case before us, we find any error in the failure to include within the indictment that the offenses in question were sexually oriented offenses was harmless beyond a reasonable doubt.

### 3. Failure to allege that the material in question was either a lewd exhibition or that it graphically focused on the genitals

{¶18} Bickel next argues that the indictment was defective because the indictment failed to allege that the material in question was either a lewd exhibition or that it graphically focused on the genitals as required by 2907.323.

{¶19} Crim.R. 7(B) provides that the indictment shall contain a statement that may be in the words of the applicable section of the statute, provided the words of the statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.

**{¶20}** R.C. 2907.323(A)(3) provides that no person shall "possess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity." The statute has been construed "as reaching only nudity that either constitutes a lewd exhibition or involves a graphic focus on the genitals." *State v. Young,* 37 Ohio St.3d 249, 525 N.E.2d 1363(1988), *reversed on other grounds by Osborne v. Ohio*, 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98(1990). While *Osborne* may limit the proof of "a state of nudity" to lewdness or graphic focus on the genitals, in order to meet a constitutional objective, it does not alter the elements of R.C. 2907.323(A)(1). "[S]tate of nudity" is not a separate element but merely defines that element in R.C. 2907.323(A)(1) and (A)(3). The indictment as worded properly sets forth offenses under Ohio law and satisfied Crim.R. 7(B). *State v. Sullivan*, 2nd Dist. Montgomery No. 23948, 2011–Ohio–2976, ¶ 27; *Accord, State v. Moore,* 5th Dist. Muskingum No. CT2012-0047, 2013-Ohio-2185*; State v. Videen*, 2nd Dist. Montgomery No. 25183, 2013–Ohio–1364, ¶ 47; *State v. O'Connor*, 12th Dist. Butler No. CA2001–08–195, 2002–Ohio–4122, ¶ 31; *State v. Dolman*, 6th Dist. Williams No. WM–10–007, 2010–Ohio–5505, ¶ 34; *Contra, State v. Moss*, 1st Dist. Hamilton No. C–990631, 2000 WL 376434(Apr. 14, 2000)(finding that while the indictment mirrored the language of R.C. 2907.323(A)(3), the indictment failed to allege that the material forming the basis of the charge was lewd or graphically focused on the genitals. The court found such an allegation to be a "judicially engrafted" element of the crime in light of *State v. Young.* Therefore, the court concluded that the facts alleged in the indictment were insufficient to state a punishable offense). The *O'Connor* court found, however, that *Moss*'s interpretation of *Young* was invalid because "it is only the legislature, not the judiciary,"

that "has the power to engraft or enact additional elements" of an offense. *O'Conner,* 2002–Ohio–4122, ¶ 30. *See, also, Moss*, Hildebrandt, P.J., dissenting; *Dolman*, 2010–Ohio–5505, ¶ 34.

{¶21} In the case at bar, the indictment charged each offense in the words of the statute. The purpose of the indictment is to give the accused adequate notice of the crime charged. *State v. Buehner*, 110 Ohio St.3d 403, 853 N.E.2d 1162, 2006–Ohio–4707, ¶7. An indictment or bill of information is sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charge, and enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. Id. at ¶ 9. As applied to the present case, the indictment cites to R.C. 2907.323(A)(1) and tracks the statutory language of the charged offenses. This is sufficient. An admission to the facts of an indictment that alleges the depiction of a "state of nudity" includes by definition an admission to lewdness or graphic focus on the genitals. *Moore,* ¶22.

{¶22} For all the above reasons Bickel's first and second assignments of error are overruled and the judgment of the Court of Common Pleas, Fairfield County, Ohio is affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur