{¶ 1} Defendant-appellant Yolanda Robinson appeals from her guilty plea to involuntary manslaughter and felonious assault. She complains that the court had no authority to accept a guilty plea to involuntary manslaughter, as amended from the originally charged count of murder, and that the state impermissibly controlled sentencing by insisting that its plea offer was contingent on her serving a minimum eight-year sentence. We find no error and affirm.
 {¶ 2} The grand jury returned a four-count indictment against Robinson in connection with the stabbing death of her boyfriend. Count 1 charged aggravated murder; count 2 charged murder; and counts 3 and 4 charged felonious assault. As part of a plea bargain, the state agreed to amend count 2 to involuntary manslaughter and dismiss counts 1 and 4. The court recognized that manslaughter is not a lesser included offense of murder, but "[i]t is, nevertheless, routinely used as a legal fiction for purposes of facilitating plea agreements." The state told the court that its offer included an "agreed minimum term of eight years with the possibility of the Court to go as high as eighteen years pursuant to the agreement." Robinson accepted the plea, but objected to the state's "negotiating in bad faith." The court accepted the plea and sentenced Robinson to eight years on each count, both sentences to be served concurrently.
 I {¶ 3} Robinson first argues that the court erred by amending the indictment from murder to involuntary manslaughter. She claims that because involuntary manslaughter is *Page 4 
not a lesser included offense of murder, any attempt to amend the indictment would have been "a legal fiction." She maintains that the indictment for murder could only be amended in writing by the grand jury in conformity with Crim. R. 7(D).
 {¶ 4} Crim. R. 7(A) states in part:
 {¶ 5} "(A) Use of Indictment or information. A felony that may be punished by death or life imprisonment shall be prosecuted by indictment. All other felonies shall be prosecuted by indictment, except that after a defendant has been advised by the court of the nature of the charge against the defendant and of the defendant's right to indictment, the defendant may waive that right in writing and in open court." (Emphasis sic.)
 {¶ 6} This rule applies to "a waiver of the right to be prosecuted by indictment." See State v. Williams, Cuyahoga App. No. 88737,2007-Ohio-5073, ¶ 8. The state prosecuted Robinson by indictment. The parties expressly amended the indictment as part of the plea agreement, so Crim. R. 7(A) has no application to this case. Id.
 {¶ 7} Even had there been error, it would have been invited by Robinson. The invited error doctrine states that "a party is not entitled to take advantage of an error that he himself invited or induced." State ex rel. Kline v. Carroll, 96 Ohio St.3d 404,2002-Ohio-4849; State v. Smith, 148 Ohio App.3d 274, 2002-Ohio-3114, ¶ 30. By agreeing to plead to a crime that was not a lesser included offense of the originally-charged crime, Robinson invited the error she has raised on appeal. See State v. Keaton (July 14, 2000), Clark App. No. 98 CA 99 (rejecting argument that plea to robbery which is not a lesser included offense of originally-charged count of aggravated robbery was error on grounds that petitioner's *Page 5 
conduct by pleading guilty while represented by counsel constituted a waiver of his right to a corrected indictment).
 {¶ 8} We likewise reject Robinson's assertions that the state improperly insisted on a minimum term of incarceration as part of the plea bargain. A criminal plea bargain has been characterized as a "contract," State v. Butts (1996), 112 Ohio App.3d 683, 686, but the reality is that the parties begin negotiations from very uneven bargaining positions. These unequal bargaining positions do not, however, affect the conscionability of the negotiations. Even though the state may have held a superior bargaining position by virtue of its ability to offer Robinson the chance to plead to a lower degree of offense, Robinson had the ability to reject the terms of any plea bargain that she thought was inherently unfair to her and go to trial as charged. A plea bargain is not a "right" for a defendant and the state had no obligation to offer a plea deal. State v. Williams (1993),89 Ohio App.3d 288, 294. As in any contract case, the favorability of the terms are dictated in large part by the motivation of each party. Robinson faced the possibility of a life sentence for aggravated murder — the minimum eight-year sentence offered by the state was a substantial reduction from a life sentence and likely played a substantial part in her agreeing to the plea deal. The state did not force the plea deal on Robinson and her Crim. R. 11 colloquy with the court confirms this fact. Robinson cannot take advantage of an alleged error when she was "actively responsible" for it. State v. Campbell, 90 Ohio St.3d 320,324, 2000-Ohio-183. We find no infirmity with the conditions of the plea bargain.
 II *Page 6 {¶ 9} Robinson next complains that the court allowed the state to dictate the terms of the sentence. The state told the court that it would agree to the plea bargain only on condition that Robinson receive an eight-year minimum sentence, with the maximum sentence being left open to the court's discretion. Robinson argues that the court's acceptance of these terms violated the separation of powers because the state, in essence, set her sentence in derogation of the court's statutory responsibility.
 {¶ 10} The record shows that the state expressed the terms of the plea agreement as follows:
 {¶ 11} "The defendant will plead to involuntary manslaughter and the felonious assault. And she would agree that there is a minimum term of eight years, with a possibility of it going to eighteen years.
 {¶ 12} "There would be no judicial release, and the parties, both the defense, and the State could argue at sentencing as to the appropriate sentence.
 {¶ 13} "Meaning the defense could argue that the eight year minimum should be imposed, and the Court — pardon me. I mean, the State would be free to argue that a higher sentence should be imposed."
 {¶ 14} Robinson agreed with those terms, but with some reservations as to the open-ended maximum term that could be imposed:
 {¶ 15} "In addition, the prosecutor is indicating that they want eight years as a minimum. Our position is that we would like probation. However, it is my belief under this pattern, they are putting us in an unfair position by the prosecuting attorney to suggest a plea *Page 7 
bargain with an open ended sentence for the high end on their behalf. But not on the low end for the defendant.
 {¶ 16} "Should the Court agree, for plea bargaining purposes, and sentencing purposes, we would ask that there be no more than eight years of punishment for the defendant and the family would be amenable to accept the plea."
 {¶ 17} When the parties convened for sentencing, the state did not request a specific prison term above the eight-year minimum, and in fact made no mention of any prison term. The court imposed eight-year terms on each count, to be served concurrently. Robinson therefore received that which she agreed to in the plea bargain — a minimum eight-year sentence.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
 COLLEEN CONWAY COONEY, P.J., and SEAN C. GALLAGHER, J., CONCUR *Page 1