THE STATE OF OHIO, APPELLANT, *v.* ROHRBAUGH, APPELLEE.

[Cite as *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286.]

*Criminal procedure — Crim.R. 7 — Amendments to indictments.*

(Nos. 2008-2127 and 2008-2249 — Submitted November 3, 2009 — Decided July 20, 2010.)

APPEAL from and CERTIFIED by the Court of Appeals for Logan County, No. 8-07-28, 2008-Ohio-4781.

_____

### SYLLABUS OF THE COURT

A defendant may plead guilty to an indictment that was amended to change the name or identity of the charged crime when the defendant is represented by counsel, has bargained for the amendment, and is not prejudiced by the change.

_____

**PFEIFER, J.**

{¶ 1} The issue in this case is whether plain error exists when a defendant pleads guilty to a charge in an indictment that has been amended as a result of a plea bargain to charge a crime not originally charged in the indictment. We hold that a defendant may plead guilty to an indictment that was amended to change the name or identity of the charged crime when the defendant is represented by counsel, has bargained for the amendment, and is not prejudiced by the change.

### Factual and Procedural History

{¶ 2} Appellee, John Rohrbaugh, was indicted on eight counts by a grand jury. Count one of the indictment charged Rohrbaugh with breaking and entering under R.C. 2911.13(A). After plea negotiations, the state sought to

amend the indictment, changing the charge of breaking and entering to a charge of receiving stolen property in violation of R.C. 2913.51. The trial court allowed the amendment. Rohrbaugh, who was represented by an attorney, pleaded guilty to count one and to count eight (possession of drugs in violation of R.C. 2925.11(A)). In return, the state agreed to dismiss the remaining six counts from the indictment. The court imposed a sentence of 11 months on both counts to be served concurrently and ordered Rohrbaugh to pay restitution.

{¶ 3} Rohrbaugh appealed, alleging that the trial court erred in ordering restitution. The court of appeals did not reach the alleged error. Instead, the court held that the trial court had committed plain error when it amended the indictment. Accordingly, the court of appeals ordered that the defendant's guilty plea be vacated.

{¶ 4} We accepted the state's discretionary appeal. We also determined that a conflict exists between the judgment rendered by the court of appeals and the judgment rendered in *State v. Robinson*, 8th Dist. No. 90411, 2008-Ohio-3972. We ordered briefing on the following certified question: "May a defendant consent to a negotiated plea to an offense that was neither indicted, nor a lesser included offense of the indicted offense, without a waiver of indictment pursuant to Criminal Rule 7(A) and Section 10, Article I of the Ohio Constitution?"

**Analysis**

{¶ 5} The Ohio Constitution provides that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury." Section 10, Article I. Crim.R. 7(A) mirrors the constitutional provision by requiring that all felonies, absent proper waiver, be prosecuted by indictment. Indictments may be amended "before, during, or after a trial * * *, provided no change is made in the name or identity of the crime charged." Crim.R. 7(D).

**{¶ 6}** Rohrbaugh did not object to the indictment before trial, so he has waived all but plain error. See Crim.R. 12(C)(2). To reverse a decision based on plain error, a reviewing court must determine that a plain (or obvious) error occurred that affected the outcome of the trial. *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240. See Crim.R. 52(B). Additionally, we have admonished courts that plain-error review must be undertaken " 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " Id., quoting *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus.

**{¶ 7}** We conclude that although there was error in this case, it was not reversible plain error, because there was no miscarriage of justice. Furthermore, Rohrbaugh cannot take advantage of an error that he invited through the plea negotiations.

**{¶ 8}** The trial court erred because the amendment to the indictment changed the name or identity of the crime charged in count one. See Crim.R. 7(D). The error was plain because Crim.R. 7(D) clearly bans such amendments. The error also "affected the outcome of the trial" because if not for the amendment, Rohrbaugh could not have pleaded guilty to the crime of receiving stolen property. See *Barnes*, 94 Ohio St.3d at 27, 759 N.E.2d 1240.

**{¶ 9}** In *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609, ¶12, we found plain error when a trial court amended an indictment to allow a defendant to be prosecuted for a higher degree of a crime. In that case, there was a miscarriage of justice because the prosecution was attempting to "increase the penalty or degree of the offense" charged. Id. Unlike the defendant in *Davis*, Rohrbaugh was not prejudiced by the amendment to the indictment; to the contrary, he gained a benefit when the prosecution dismissed six charges against him. In *Davis,* the crime was amended from a felony of the fourth degree to a felony of the second degree. Id. at ¶ 2–3. In this case, the amended charge of

receiving stolen property and the original charge of breaking and entering are both felonies of the fifth degree. Moreover, Rohrbaugh was represented by counsel and signed a statement that he had reviewed and understood the amended indictment. We conclude that there was no miscarriage of justice in this case.

{¶ 10} This case also differs from *Davis* in that Rohrbaugh invited the alleged error. We have repeatedly held that a defendant may not "take advantage of an error that he himself invited or induced." *State ex rel. Kline v. Carroll,* 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517, ¶ 27. In *Davis*, there was no invited-error issue because the prosecution acted unilaterally during trial. Id. at ¶ 3–4. In this case, Rohrbaugh negotiated for the amended indictment and agreed to plead guilty to the amended charge. He cannot now argue that the amendment is plain error.

{¶ 11} Rohrbaugh argues that he was not indicted and did not properly waive the right to indictment under the rule, even though Crim.R. 7(A) requires that a crime be prosecuted by indictment unless the indictment is properly waived. We conclude that Rohrbaugh was prosecuted by an indictment and that he was sufficiently informed of the charges in the indictment. See *State v. Childs* (2000), 88 Ohio St.3d 558, 565–566, 728 N.E.2d 379 (an offense is adequately charged when an indictment contains all elements of the offense and informs defendant of the charge). Because Rohrbaugh was prosecuted by indictment, Crim.R. 7(A) and its waiver requirements are not applicable to this case.

### Conclusion

{¶ 12} Based on the foregoing analysis, we answer the certified question in the affirmative. We reverse the judgment of the court of appeals and remand the cause to the court of appeals so that it may reach the error concerning restitution that Rohrbaugh alleged in his appeal.

Judgment reversed
and cause remanded.

LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., not participating.

_____

Gerald L. Heaton, Logan County Prosecuting Attorney, and Eric C. Stewart, Chief Assistant Prosecuting Attorney, for appellant.

Marc S. Triplett, for appellee.

_____