[Cite as *State v. Fowler*, 2018-Ohio-241.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 17CA3599 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| MONICA L. FOWLER, | : | RELEASED: 01/18/2018 |
| Defendant-Appellant. | : | |

APPEARANCES:

Timothy Young, Ohio Public Defender, and Patrick T. Clark, Ohio Assistant Public Defender, Columbus, Ohio, for appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for appellee.

Harsha, J.

{¶1} After the trial court denied Monica Fowler's motion to suppress evidence, the court found her guilty of possession of cocaine on her no-contest plea and sentenced her to prison. Fowler asserts that the trial court erred by denying her motion to suppress because the police who searched her for weapons after a traffic stop did not have a reasonable suspicion that she was armed, and in any event, exceeded the scope of a reasonable search by patting down her vaginal area.

{¶2} We reject Fowler's assertions because she did not pursue these objections to the search and acknowledged the propriety of the pat-down search at the suppression hearing. Thus she forfeited and/or invited any potential error by the trial court in denying her motion. Consequently, we overrule her assignment of error and affirm the judgment of the trial court.

I. FACTS

{¶3}  The Ross County Grand Jury returned an indictment charging Monica Fowler with one count of possession of cocaine in violation of R.C. 2925.11, a first-degree felony.

{¶4}  Through her appointed trial counsel, Fowler filed a motion to suppress "all evidence obtained as a result of the unlawful and illegal warrantless arrest by the Ohio State Highway Patrol."  Her motion raised the following grounds:  (1) the state trooper lacked probable cause to search her after ordering her from a vehicle; the smell of marijuana coming from the vehicle, which had two other occupants, did not justify the search because the trooper did not notice the odor of marijuana coming from Fowler and she did not admit marijuana use; (2) the trooper's protective pat-down search of Fowler, which revealed a hard object between her legs in her groin area, did not provide probable cause to detain her further; and (3) the trooper lacked probable cause for the warrantless arrest of Fowler after the pat-down search because the trooper lacked a reason to remove the hard object.

{¶5}  The record of the suppression hearing reveals that the Ohio Highway State Patrol learned that the Columbus Task Force had been monitoring a drug house. The Task Force observed a person, who they suspected of moving large amounts of crack cocaine, get into a rented Toyota 4Runner sports utility vehicle with two other persons, and head south on U.S. 23.  Trooper Nick Lewis spotted such a vehicle on U.S. 23 in Ross County and pulled it over after observing several traffic violations, including the vehicle crossing marked lanes and following too closely behind the vehicle in front of it.

{¶6}    When Trooper Lewis approached the SUV, he noticed a strong odor of marijuana coming from the vehicle.  The driver advised the trooper that he did not have a valid driver's license and admitted that he had been following the vehicle ahead of them too closely.  The trooper asked the driver to step out of the vehicle, smelled marijuana on his person, patted him down, and placed him in the cruiser.  The driver admitted that he had smoked marijuana.

{¶7}    Trooper Lewis then asked the middle seat passenger to step out of the vehicle and noticed a strong odor of marijuana coming from this person.  The passenger admitted that all three of the occupants of the SUV had been smoking marijuana earlier.  When the trooper patted him down, he felt something in the rear of this passenger's pants and asked the passenger to remove the object.  The passenger then removed a baggie containing a small amount of marijuana and nine Oxycodone pills.  The trooper placed him in another trooper's cruiser.

{¶8}    Next Trooper Lewis asked the final occupant of the SUV, Fowler, who was sitting in the front seat, to exit the vehicle.  The trooper noticed that the whole car and everybody in it, including Fowler, smelled of marijuana.  The trooper gave Fowler *Miranda* warnings and then patted her down to make sure she did not have any weapons.  In conducting the pat-down search Trooper Lewis got between Fowler's legs with the back of his hand and felt a hard object.  When the trooper asked Fowler what the object was, she hesitated before stating it was a tampon; she then changed her answer to say it was a pad, and finally claimed it was a tampon and a pad.  Based on the information he had, including the information from the Columbus Task Force that the car was transporting crack cocaine, and his belief that the object felt like a rock-type

substance, Trooper Lewis believed that it was crack cocaine or some other contraband. So he handcuffed Fowler and put her in the back of his cruiser next to the driver of the SUV.

{¶9} When the troopers arrived at the Chillicothe post with the occupants of the SUV, they watched video footage from Trooper Lewis's cruiser, which revealed the driver telling Fowler to push the contraband further into her body when she asked him what to do with it. Confronted with what was on the video, Fowler voluntarily agreed to remove the item from her vagina. The package removed contained 17 grams of crack cocaine and 65 grams of powder cocaine.

{¶10} In her trial attorney's argument, counsel acknowledged that Trooper Lewis's pat-down search of Fowler was appropriate but contended the trooper could not remove the object from Fowler's vagina, and the trooper did not have probable cause to arrest her upon feeling the hard object during his pat-down search:

> MR. CORNELY: THANK YOU, YOUR HONOR. I'M NOT GOING TO ADDRESS THE FIRST PART OF MY MOTION WHETHER OR NOT THERE WAS PROBABLE CAUSE TO SEARCH HER AS A RESULT OF THE SMELL OF MARIJUANA BECAUSE THE OFFICER TESTIFIED THAT HE CONDUCTED A PAT DOWN STOP -- OR A PAT DOWN OF HER. * * * SO WE WOULD ARGUE THAT FIRST, HE DOESN'T HAVE THE ABILITY TO REMOVE THE OBJECT FROM HER; SECOND, HE CERTAINLY DOES NOT HAVE PROBABLE CAUSE FOR ARREST, SO WHAT HAPPENS AFTER [S]HE IS ARRESTED IS IRRELEVANT BECAUSE IT WAS AN ILLEGAL ARREST AT THAT POINT IN TIME.

{¶11} The trial court noted that Fowler's trial counsel had acknowledged that the dispositive issue in the case was whether the "plain feel" doctrine supported the troopers' seizure of the cocaine from her body. The court concluded that "based upon the totality of the circumstances, * * * a reasonably prudent officer would believe the

object probably was crack cocaine and would be justified in removing the object under the plain feel doctrine." The court denied Fowler's motion to suppress.

**{¶12}** Fowler then pleaded no contest to the cocaine possession charge, and the trial court found her guilty and sentenced her to three years in prison.

## II. ASSIGNMENT OF ERROR

**{¶13}** Fowler assigns the following error for our review:

THE TRIAL COURT ERRED BY DENYING MS. FOWLER'S MOTION TO SUPPRESS.

## III. STANDARD OF REVIEW

**{¶14}** In general, "appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Codeluppi,* 139 Ohio St.3d 165, 2014-Ohio-1574, 10 N.E.3d 691, ¶ 7. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* " 'Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.' " *Codeluppi* at ¶ 7, quoting *Burnside* at ¶ 8.

## IV. LAW AND ANALYSIS

**{¶15}** In her assignment of error Fowler asserts that the trial court erred by denying her motion to suppress; specifically she contests the propriety of Trooper Lewis's pat-down search for weapons.

**{¶16}** "The Fourth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 14, prohibit unreasonable searches and seizures." *State v. Emerson*, 134 Ohio St.3d 191, 2012–Ohio–5047, 981 N.E.2d 787, ¶ 15. This constitutional guarantee is protected by the exclusionary rule, which mandates the exclusion at trial of evidence obtained from an unreasonable search and seizure. *Id.* This case involves an investigatory stop, which must be supported by a reasonable, articulable suspicion. *See State v. Shrewsbury*, 4th Dist. Ross No. 13CA3402, 2014-Ohio-716, ¶ 15, citing *United States v. Williams*, 525 Fed.Appx. 330, 332 (6th Cir.2013), and *Florida v. Royer*, 460 U.S. 491, 501–507, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). The investigatory stop here was justified by the observation of traffic violations by the SUV in which Fowler was riding. *See, e.g., State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 23-24.

**{¶17}** "Officers can order a driver and a passenger to exit a vehicle, even absent any additional suspicion of a criminal violation." *See State v. Alexander-Lindsey*, 2016-Ohio-3033, 65 N.E.3d 129, ¶ 14 (4th Dist.), and cases cited there. After lawfully detaining a person, an officer may frisk the person if the officer has reasonable grounds to believe the person is armed. *See State v. Hansard*, 4th Dist. Scioto No. 07CA3177, 2008-Ohio-3349, ¶ 25, citing *Terry v. Ohio*, 392 U.S. 1, 25-26, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The pat-down search is limited to discovering weapons that might be used to harm the officer. *Id.* But "[u]nder the 'plain feel' doctrine, if in the process of conducting a limited pat down search for weapons an officer detects an object whose criminal character is immediately apparent to him, he is justified in seizing the object

from the * * * person being searched." *State v. Crayton*, 2017-Ohio-705, 86 N.E.3d 77, ¶ 29 (11th Dist.); *Hansard* at ¶ 30.

**{¶18}** Fowler challenges Trooper Lewis's authority to conduct a *Terry* pat-down search for weapons, claiming he did not have a reasonable suspicion that she was armed or dangerous, and in any event, the trooper exceeded the scope of a permissible search when it included a pat down of the area of her genitals. However, Fowler did not raise these challenges in presenting her suppression motion. Instead, she attacked the propriety of the search because the trooper did not smell marijuana on her person, and further contested her arrest and the removal of the cocaine from her vagina after Trooper Lewis felt the hard object between her legs.

**{¶19}** And at the suppression hearing Fowler effectively conceded that she no longer challenged the propriety of Trooper Lewis's pat-down search, but instead narrowed her challenge to the removal of the cocaine from her vagina, and whether the troopers had probable cause to arrest her upon feeling the hard object during the pat-down. In essence, Fowler abandoned any challenge she had to Trooper Lewis's authority to conduct a pat-down search, and invited the trial court to focus on the issue of whether the plain-feel doctrine permitted the troopers to remove the contraband from Fowler's body and arrest her.

**{¶20}** "Where a suppression motion is filed asserting a specific argument, a trial court does not commit error in failing to address a different argument." *State v. Smith*, 7th Dist. Belmont No. 15 BE 0064, 2017-Ohio-2708, ¶ 52. Likewise, the state's burden in a suppression hearing is limited to those contentions that are asserted with sufficient particularity to place the prosecutor and court on notice of the contested issues. *Id.*

citing *Xenia v. Wallace*, 37 Ohio St.3d 216, 218, 524 N.E.2d 889 (1998). "By requiring the defendant to state with particularity the legal and factual issues to be resolved, the prosecutor and court are placed on notice of those issues to be heard and decided by the court and, by omission, those issues which are otherwise being waived." *State v. Shindler*, 70 Ohio St.3d 54, 58, 636 N.E.2d 319 (1994); *State v. Box*, 10th Dist. Franklin No. 16AP-371, 2017-Ohio-1138, ¶ 13.

{¶21} Fowler's abandonment of the claims she now raises results in forfeiture of the right to raise them on appeal. *See State v. Kerns*, 4th Dist. Highland No. 15CA6, 2016-Ohio-63, ¶ 25; *State v. Merryman*, 4th Dist. Athens No. 12CA28, 2013-Ohio-4810, ¶ 43.

{¶22} At the suppression hearing, she narrowed the scope of her motion to the removal of the cocaine from her body and her arrest after the pat-down search. She thus invited any potential error by the trial court in assuming the pat-down search was appropriate. Consequently she is precluded from raising the issue now, even under a plain-error analysis. *See State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517, ¶ 27 ("Under [the invited-error] doctrine, a party is not entitled to take advantage of any error that he himself invited or induced"); *State v. Rorhbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, 934 N.E.2d 920, ¶ 10 (even plain error is waived where error is invited); *see also State v. Robinson*, 4th Dist. Washington No. 16CA22, 2017-Ohio-8273, ¶ 32 (a defendant who abandons a claim raised in his motion to suppress waives even plain error on appeal).

**{¶23}** Therefore, we do not address the merits of Fowler's assignments of error because she acknowledged the propriety of the trooper's pat-down search at the hearing on her motion to suppress.  We overrule her assignment of error.

## V.  CONCLUSION

**{¶24}** Fowler has failed to establish that the trial court erred by denying her motion to suppress.  Having overruled her assignment of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & McFarland, J.: Concur in Judgment and Opinion

For the Court

BY: _____
     William H. Harsha, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**