[Cite as *State v. Smith*, 2024-Ohio-3012.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                  :

                                                 No. 113314

    v.                                           :

TIMOTHY SMITH,                                  :

    Defendant-Appellant.                 :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 8, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-676483-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sarah Denney, Assistant Prosecuting Attorney, *for appellee.*

Law Offices of Mr. William B. Norman and William B. Norman, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Timothy Smith ("Smith") appeals his guilty plea to gross sexual imposition. After reviewing the facts of the case and pertinent law, we affirm the trial court's judgment.

## I.  Facts and Procedural History

{¶ 2}  On February 3, 2019, A.W.'s daughter woke up in the middle of the night to use the bathroom and saw her mother "passed out on the living room couch with a male, unknown to her, with his pants down . . . ." A.W. had been drinking at a bar the night before and had "no recollection" of what happened.  A.W. went to the hospital, and a rape kit was administered.  DNA results came back as a match for Smith, who was an acquaintance of A.W.[1]

{¶ 3}  On December 19, 2022, Smith was indicted for two counts of rape in violation of R.C. 2907.02(A)(2) and 2907.02(A)(1)(c), both first-degree felonies, and one count of abduction in violation of R.C. 2905.02(A)(1), a third-degree felony.  On August 29, 2023, Smith pled guilty to an amended count of gross sexual imposition in violation of R.C. 2907.05(A)(2), a third-degree felony, and the court dismissed the remaining counts.  On September 27, 2023, the court sentenced Smith to 30 months in prison.

{¶ 4}  Smith now appeals raising four assignments of error for our review:

I.  Appellant Smith suffered an invalid waiver of indictment, contravening Article I, Sections 10 and 16, to the Ohio Constitution, and Amendments V, VI, and XIV to the United States Constitution.

II.  Appellant Smith entered a guilty plea which was not knowing, intelligent, and voluntary, contravening Article I, Sections 10 and 16, to the Ohio Constitution, and Amendments V, VI, and XIV to the United States Constitution.

III. Trial counsel was ineffective for failing to object to the failure of the trial court to obtain a valid indictment waiver, contravening Article I,

---

[1] These facts were put on the record by the prosecutor at Smith's sentencing hearing.

Sections 10 and 16, to the Ohio Constitution, and Amendments V, VI, and XIV to the United States Constitution.

IV. Trial counsel was ineffective for failing to facilitate a guilty plea which was [not] knowing, intelligent, and voluntary, contravening Article I, Sections 10 and 16, to the Ohio Constitution, and Amendments V, VI, and XIV to the United States Constitution.

## II. Plea Hearing

{¶ 5} At Smith's plea hearing, the court stated that, as part of the plea offer, "the State will amend Count 2 to a gross sexual imposition, felony of the third degree, in violation of Ohio Revised Code 2907.05(A)(2) with a Tier I sex offender registration, and that the defense will waive presentment to the grand jury and defects in service and 24-hour notice due to the fact that [the parties are] saying that this is not a lesser included offense." The court asked the prosecutor if this was "an accurate recitation of the plea agreement." The prosecutor answered, "That's correct, Your Honor." The court asked defense counsel if this was his "understanding of the amendment," and defense counsel answered, "It is, Your Honor."

{¶ 6} The court explained to Smith the "constitutional rights that [he] would be giving up by entering a plea" and the maximum penalties he faced by pleading guilty, including a 12- to 60-month prison term, the "potential for probation," and the registration requirements for a Tier 1 sex offender. The court asked Smith if he had any questions regarding his constitutional rights, the maximum penalties he faced, and the duty to register as a sex offender. Smith replied, "No, ma'am." The court stated as follows: "Then let the record reflect that

the Court is satisfied that . . . Smith understands his constitutional rights, he understands the nature of the charges, the effect of a plea and the maximum penalties that could be imposed. The Court further finds that . . . Smith's plea will be made knowingly, intelligently and voluntarily."

{¶ 7} The court asked the prosecutor and defense counsel if it complied with Crim.R. 11. The prosecutor replied, "You have," and defense counsel replied, "Yes, Your Honor." The court asked Smith how he pled to "amended Count 2, gross sexual imposition, felony of the third degree." Smith replied, "Guilty." The court accepted Smith's guilty plea, found Smith guilty, and dismissed "[a]ll other counts."

## III. Law and Analysis

### A. Waiver of Indictment

{¶ 8} In his first assignment of error, Smith argues that his waiver of the amended indictment was "invalid" because he "did not personally waive his constitutional right to indictment on the charge of Gross Sexual Imposition in writing or in open court."

{¶ 9} Pursuant to the Ohio Const., art. I, § 10, "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury . . . ." Crim.R. 7(A) "mirrors the constitutional provision by requiring that all felonies, absent proper waiver, be prosecuted by indictment." *State v. Rohrbaugh*, 2010-Ohio-3286, ¶ 5. Crim.R. 7(A) further provides that "the defendant may waive that right in writing and in open court."

**{¶ 10}** Additionally, pursuant to Crim.R. 7(D), indictments may be amended "provided no change is made in the name or identity of the crime charged." Challenges to amended indictments may also be waived by the accused. *See State v. Bhambra*, 2017-Ohio-8485, ¶ 6 (8th Dist.) ("[W]here the amendment was made pursuant to a plea bargain in open court with the defendant's voluntary agreement, after full disclosure, an indictment may be amended without returning to the grand jury."). Crim.R. 7(D) does not provide how a defendant may waive the right to challenge an amended indictment.

**{¶ 11}** At Smith's plea hearing, the court stated that, as part of the plea agreement, Smith "will waive presentment to the grand jury" of the amended indictment. The August 29, 2023 journal entry memorializing Smith's guilty plea is consistent with the plea offer recitation in open court and states in part that Smith "waives any defects in amendment" of the indictment. We note that Crim.R. 7(D) does not state that amended indictments must be presented to the grand jury. Furthermore, Crim.R. 7 in its entirety does not contemplate plea agreements or guilty pleas.

**{¶ 12}** The *Rohrbaugh* Court analyzed the following certified question: "May a defendant consent to a negotiated plea to an offense that was neither indicted, nor a lesser included offense of the indicted offense, without a waiver of indictment pursuant to Criminal Rule 7(A) and Section 10, Article I of the Ohio Constitution?" *Rohrbaugh* at ¶ 4. The *Rohrbaugh* Court answered this question "in the affirmative," holding that "a defendant may plead guilty to an indictment that was

amended to change the name . . . of the charged crime when the defendant is represented by counsel, has bargained for the amendment, and is not prejudiced by the change." *Id*. at ¶ 1; ¶ 12.

{¶ 13} In *Rohrbaugh*, the defendant was charged in an eight-count indictment including one count of breaking and entering under R.C. 2911.13(A). *Id*., 2010-Ohio-3286, at ¶ 2. "After plea negotiations, the state sought to amend the indictment, changing the charge of breaking and entering to a charge of receiving stolen property in violation of R.C. 2913.51." *Id*. Rohrbaugh pled guilty to the amended count and one other count as indicted, and the remaining six counts were dismissed. *Id*.

{¶ 14} The Ohio Supreme Court held that the "trial court erred because the amendment to the indictment changed the name or identity of the crime charged in count one" in violation of Crim.R. 7(D). *Id*. at ¶ 8. However, the Court found no reversible error "because there was no miscarriage of justice." *Id*. at ¶ 7. In other words, Rohrbaugh was not prejudiced by the amended indictment because "he gained a benefit when the prosecution dismissed six charges against him." *Id*. at ¶ 9. The court further found that, because the defendant "was prosecuted by indictment, Crim.R. 7(A) and its waiver requirements are not applicable to this case." *Id*. at ¶ 11.

{¶ 15} The *Rohrbaugh* Court also held that Rohrbaugh "cannot take advantage of an error that he invited through the plea negotiations." *Id*. at ¶ 7. *See also State ex rel. Kline v. Carroll*, 2002-Ohio-4849, ¶ 27 (Under the doctrine of invited error, "a party is not entitled to take advantage of an error that he himself

invited or induced the court to make."); *compare State v. Davis*, 2008-Ohio-4537, ¶ 5 (finding reversible error when the prosecutor amended the indictment during trial to "change[] the penalty or degree of the offense" in violation of Crim.R.7(D)).

{¶ 16} In applying *Rohrbaugh* to the case at hand, we find that Smith was represented by counsel, and the amendment from a rape charge to a gross-sexual-imposition charge was part of Smith's plea agreement. Smith was not prejudiced by this amendment because he pled guilty to one third-degree felony and the remaining charges against him, which included two first-degree felonies and one third-degree felony, were dismissed.

{¶ 17} Accordingly, Smith's first assignment of error is overruled.

## B. Crim.R. 11 Guilty Plea

{¶ 18} In Smith's second assignment of error, he challenges his guilty plea, arguing that it was not made knowingly, intelligently, and voluntarily. Specifically, Smith argues that "the trial court erred by failing to ensure that he understood the nature of the charge" of gross sexual imposition under R.C. 2907.05(A)(2), which states in part as follows:

> No person shall have sexual contact with another . . . when . . . [f]or the purpose of preventing resistance, the offender substantially impairs the judgment or control of the other person . . . by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat or force, or deception.

{¶ 19} Pursuant to Crim.R. 11(C)(2), the trial court

> shall not accept a plea of guilty . . . without first addressing the defendant personally . . . and . . .:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 20} The Ohio Supreme Court summarized appellate review of compliance with Crim.R. 11(C) as follows:

Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*State v. Dangler*, 2020-Ohio-2765, ¶ 17. "If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional." *Id.* at ¶ 10.[2]

{¶ 21} The *Dangler* Court further explained that no demonstration of prejudice is required in two limited circumstances. First, "[w]hen a trial court fails

---

[2] Smith wrongly relies on *State v. Jones*, 181 Ohio App.3d 47 (8th Dist. 2009), arguing that "substantial compliance is required by Crim.R. 11(C)." *Dangler* detailed a new method of review as set forth above.

to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Dangler* at ¶ 14. Second, "a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Id.* at ¶ 15.

{¶ 22} In the case at hand, Smith's challenge to his guilty plea is limited to whether he understood the "nature of the charges" to which he pled guilty. Particularly, Smith argues that he did not understand the element of gross sexual imposition concerning him "administering any drug, intoxicant, or controlled substance" to the victim because this element was not explained to him in open court nor is it an element of any of the offenses included in his original indictment. Smith further argues that "it is reasonably probable that, informed of the nature of the charge, (to wit, the elements of the offense intended to be convicted) [he] would not have pled guilty."

{¶ 23} This court has held that the "term 'nature of the charge' is not defined in the Rules of Criminal Procedure, but we have never interpreted that phrase to require the court to inform the accused of the actual elements of the charged offense." *State v. Carpenter*, 2003-Ohio-3019, ¶ 2 (8th Dist.). Rather, courts "look to the circumstances of the case to determine whether the accused understood the charge." *Id.*

{¶ 24} Our review of the record shows nothing demonstrating that Smith did not understand that nature of the charge to which he pled guilty. Smith and his

counsel negotiated with the State for a reduced charge to which Smith pled guilty, in exchange for the State's dismissal of the remaining charges including two first-degree felony rape counts. The court had extensive discussions with Smith regarding his constitutional rights and the maximum penalties he faced by pleading guilty to the single offense of gross sexual imposition. The court asked Smith if he had any questions, and Smith said no. Furthermore, as part of Smith's plea, he agreed to waive any defects in the amended indictment. There is nothing in the record that supports that, if the court had stated the elements of gross sexual imposition in violation of R.C. 2907.05(A)(2), Smith would not have pled guilty. Simply put, Smith failed to demonstrate that he was prejudiced by his guilty plea.

{¶ 25} Accordingly, Smith's second assignment of error is overruled.

## C. Ineffective Assistance of Counsel

{¶ 26} In Smith's third assignment of error, he argues that his counsel was ineffective for "failing to object to the failure of the trial court to obtain a valid indictment waiver," and in his fourth assignment of error, he argues that his counsel was ineffective for "failing to facilitate a guilty plea which was . . . knowing, intelligent, and voluntary . . . ." In other words, Smith bases his ineffective assistance of counsel arguments on the same arguments he set forth, and we rejected, in his first two assignments of error.

{¶ 27} To succeed on a claim of ineffective assistance of counsel, a defendant must establish that his or her attorney's performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*,

466 U.S. 668 (1984). However, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. To show that he or she was prejudiced, the defendant must prove that, but for counsel's errors, the result of a trial would have been different. *State v. Williams*, 1995 Ohio App. LEXIS 2847, *16 (8th Dist. July 5, 1995), citing *State v. Mills*, 62 Ohio St.3d 357, 376 (1992). The object of an ineffectiveness claim is not to grade counsel's performance. *Id.* at 697. *See also State v. Bradley*, 42 Ohio St. 3d 136 (1989).

{¶ 28} In *State v. Thompson*, 2014-Ohio-4751, ¶ 254, the Ohio Supreme Court considered arguments that "counsel provided ineffective assistance by failing to object to alleged prosecutorial misconduct, improper expert testimony, and trial court errors." The *Thompson* Court found that "[e]ach of these claims recasts a merits argument as ineffective assistance of counsel." *Id.* at ¶ 255. The court held that, because it rejected "the merits of these underlying claims, . . . we conclude that counsel did not provide ineffective assistance by failing to object to these alleged errors." *Id.*

{¶ 29} Under the rule set forth in *Thompson*, we find that Smith's allegations of ineffective assistance of counsel fail because we found no error concerning Smith's guilty plea to an amended charge, which is the basis of his ineffective-assistance claim.

{¶ 30} Accordingly, Smith's third and fourth assignments of error are overruled.

**{¶ 31}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN A. GALLAGHER, J., CONCUR